IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEVERLY DARDEN, SANDRA
WILLIAMS, MARION WILLIAMS,
BEVERLY SHEPARD, and LEON
SHEPARD,

        Plaintiffs,              No.  CIV S-09-2970 JAM DAD PS

    vs.

INDYMAC BANK, INDYMAC
BANCORP, INC., ONE WEST
BANK, and DOES 1-10,

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiffs are five individuals who have filed a pleading titled "Class Action Complaint."  All plaintiffs have filed applications to proceed in forma pauperis.  The action has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21).

        A filing fee of $350.00 is required to commence a civil action in a district court. 28 U.S.C. § 1914(a).  The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay.  28 U.S.C. § 1915(a).

1

Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee. Accordingly, the court has reviewed the five in forma pauperis applications filed with plaintiffs' complaint. Plaintiff Beverly Darden indicates a take-home salary or wages of $1,200.00, but she has not indicated whether she receives that amount weekly, biweekly, or monthly. She also indicates that she received $690.00 per month for foster care through September but had received no money in October because she had no foster children during that month. She does not state whether she will receive additional income from that source in the future. Plaintiff Beverly Shepard describes herself as a self-employed broker with income of $1,000.00, but she has not indicated whether that is the amount she receives in a typical week, month, or year. Plaintiff Leon Shepard receives $618.00 in Social Security benefits per month. Plaintiff Sandra Williams receives $1,200.00 in Social Security disability benefits per month. Plaintiff Marion Williams indicates that he was employed through September 15, 2009, with net pay of $50,300.00, and that he receives $1,000 in military retirement income and $850 in veterans disability benefits, presumably per month as to each source. The court finds that these applications fail to establish that each plaintiff is unable to pay the $350.00 filing fee or that the five plaintiffs together cannot pay the $350.00 filing fee. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would grant plaintiffs an opportunity to pay the filing fee in full and proceed with this case on a fee-paid basis. However, the court has reviewed plaintiffs' complaint and finds that the pleading suffers from defects that cannot be cured.

In the upper left-hand corner of plaintiffs' complaint, plaintiff Beverly Shepard identifies herself as "Attorney in Fact" and provides her address and phone number. No State Bar number is provided. The sole signature on the complaint is that of plaintiff Beverly Shepard as "Attorney in Fact for Plaintiffs." Pursuant to Local Rule 131(a), the name, address, telephone number, and California State Bar membership number of all attorneys must appear in the upper

left-hand corner of the first page of each document presented for filing.  The term "attorney" refers to a member of the Bar of this Court.  To be a member of the Bar of this Court, the attorney must be either an attorney licensed to practice law by the State of California or an attorney who is a member of the bar in another state and who has been authorized to practice in this Court in accordance with the Local Rules of Practice.  See Local Rules 101 & 180(a).

An attorney search on the web site for The State Bar of California on December 17, 2009 returned no results for an attorney named Beverly Shepard.  Plaintiff Shepard's use of the term "Attorney in Fact" and the absence of any evidence that an attorney named Beverly Shepard is a member of the California State Bar leads the court to conclude that plaintiff Beverly Shepard is a layperson proceeding in this action in propria persona.

Litigants are not permitted to be represented by non-lawyers.  See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others); United States v. Kelley, 539 F.2d 1199 (9th Cir. 1976) (holding that the constitutional right to self-representation in criminal cases does not imply a corollary right to choose a non-lawyer as counsel); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (holding that appearance in propria persona on one's own behalf is a privilege personal to the individual litigant and does not confer authority to appear as an attorney for others).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual, including a husband or wife, or any other party on the same side appearing without an attorney.  Local Rule 183(a).  Each plaintiff's name, address, and telephone number must be included in the upper left-hand corner and each plaintiff must sign each document filed on behalf of all plaintiffs.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

The present complaint must be dismissed because it fails to identify all plaintiffs in the caption, has not been signed by all plaintiffs, and demonstrates that four of the five

1  plaintiffs have violated Local Rule 131 by attempting to delegate the litigation of this action to

2  another plaintiff on the same side appearing without an attorney.

3        The pleading on file is also defective in that the plaintiffs have styled it a class

4  action complaint.  Members of a class may sue as representative parties on behalf of all members

5  of the class only if four prerequisites are met.  Fed. R. Civ. P. 23(a).  One of the prerequisites is

6  that the representative parties must be able to "fairly and adequately protect the interests of the

7  class."  Fed. R. Civ. P. 23(a)(4).  A pro se plaintiff or a group of pro se plaintiffs cannot fairly

8  and adequately protect the interests of a class of plaintiffs.  See Oxendine v. Williams, 509 F.2d

9  1405, 1407 (4th Cir. 1975) (finding "plain error" where the district court permitted the case to

10 proceed as a class action despite the fact that "the competence of a layman representing himself

11 [is] clearly too limited to allow him to risk the rights of others.").  The named plaintiffs in a class

12 action must therefore be represented by counsel.  See Simon v. Hartford Life, Inc., 546 F.3d 661,

13 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se

14 plaintiffs from pursuing claims on behalf of others in a representative capacity."); Martin v.

15 Middendorf, 420 F. Supp. 779, 780 (D.D.C. 1976) ("[T]he overriding presumption in class

16 actions is that the named representatives and the class will be represented by legal counsel.").

17       The court has considered whether plaintiffs' complaint should be dismissed with

18 leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith,

19 prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

20 1466, 1472 (9th Cir. 1988).  See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

21 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the

22 court does not have to allow futile amendments).  Here, it would be futile to grant leave to file an

23 amended class action complaint because plaintiffs are not represented by counsel and cannot

24 proceed on a class complaint.

25       While plaintiffs may represent themselves on their own individual claims, they

26 should do so in separate actions.  The undersigned takes judicial notice of court records reflecting

4

that several of the plaintiffs are already proceeding with their individual claims in separate

actions.[1]  In <u>Sandra Williams, et al. v. MTC Financial, Inc., et al.</u>, No. 2:09-cv-1805 JAM GGH

PS, a case filed by Sandra Williams and Marion Williams several months prior to the filing of

this action, the plaintiffs recently filed an amended complaint against the three defendants named

in this case, together with three additional defendants.  In <u>Josaiah Anderson and Beverly Shepard</u>

<u>v. Treasury Bank, et al.</u>, No. 2:09-cv-3380 JAM KJM PS, plaintiff Beverly Shepard, again

identifying herself as "Attorney in Fact," has joined a co-plaintiff in a suit against two of the

three defendants named in this action, together with nine additional defendants.

        If an amended complaint were filed in this case alleging the individual claims of

the five plaintiffs, who reside at three different addresses in two different cities, the court would

sever the claims into three cases and dismiss as duplicative any claims alleged in any other

action.  <u>See</u> Fed. R. Civ. P. 21 (providing that parties may be dropped or added by order of the

court on the court's own initiative at any stage of the action); <u>Davis v. Mason County</u>, 927 F.2d

1473, 1479 (9th Cir. 1991) (noting that courts have broad discretion regarding severance).  In the

court's experience, an action brought by multiple plaintiffs proceeding pro se presents procedural

problems that often cause delay and confusion.  Delay frequently arises from the difficulties

faced by pro se individuals who must communicate with each other regularly regarding legal

matters and sign all documents, often within time constraints.  Where some but not all plaintiffs

qualify for in forma pauperis status, as appears to be the case in this action, delay occurs at the

outset while payment issues are resolved.

        For all of the reasons stated above, IT IS HEREBY RECOMMENDED that:

        1.  Plaintiffs' motions to proceed in forma pauperis (Docs. No. 2, 3, 4, 5 & 6) be

denied;

---

    [1]  A court may take judicial notice of its own files and of documents filed in other courts.
<u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>,442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Burbank-</u>
<u>Glendale-Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998); <u>Hott</u>
<u>v. City of San Jose</u>, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

1       2.  Plaintiffs' class action complaint be dismissed without prejudice to the

2 litigation of plaintiffs' individual claims in other cases;

3       3.  All notices of pendency of action filed or lodged in this action be expunged;

4 and

5       4.  This case be closed.

6       These findings and recommendations will be submitted to the United States

7 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

8 twenty-one (21) days after being served with these findings and recommendations, any party may

9 file written objections with the court.  A document containing objections should be titled

10 "Objections to Magistrate Judge's Findings and Recommendations" and must be signed by the

11 objecting party or parties.  The parties are advised that failure to file objections within the

12 specified time may, under certain circumstances, waive the right to appeal the District Court's

13 order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

14 DATED: December 22, 2009.

15

16                        _Dale A. Drozd_

17                      DALE A. DROZD
                     UNITED STATES MAGISTRATE JUDGE

18 DAD:kw
Ddad1\orders.pro se\darden2970.f&r.dsm

19

20

21

22

23

24

25

26

6